

# OFFICE OF THE COUNTY COUNSEL

Hall of Records, Room 535, Newark, New Jersey 07102
973.621.5003 --- 973.621.4599 (Fax)
www.essexcountynj.org

**Joseph N. DiVincenzo, Jr.**
Essex County Executive

**Courtney M. Gaccione**
Essex County Counsel

September 9, 2020

*VIA PACER ONLY*
Clerk, United States District Court Courthouse
MLK, Jr. Federal Building
Newark, NJ 07102

     Re:   Mazo, et al. v. Way, et al.
             Case No.: 20-cv-8174 (SDW) (LDW)
             **Motion Return Date: October 5, 2020**

Dear Sir/Madam:

This office represents Defendant Christopher J. Durkin, in his official capacity as Essex County Clerk, (hereinafter "Essex County Clerk") in the above-captioned matter. Please accept this letter memorandum in support of the Essex County Clerk's motion to dismiss Plaintiffs' Complaint with prejudice, pursuant to Fed. R. Civ.P. 12(b)(6), for failure to state a claim upon which relief can be granted. Given the procedural status of this case, it is respectfully submitted that a letter memorandum, rather than a brief, is appropriate. L.Civ. R. 7.1

In the present matter, the Plaintiffs' Complaint seeks, among other relief, a declaration that New Jersey statutes N.J.S.A. 19:23-17 and N.J.S.A. 19:23-25.1 are content-based regulations of speech that are facially unconstitutional and as applied to Plaintiffs' desired primary ballot slogans. Defendant Christopher H. Durkin, named in his official capacity as Essex County Clerk, has filed a motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

In doing so, the Essex County Clerk respectfully adopts the arguments submitted by the Union County Clerk and seeks dismissal of the Complaint with prejudice. The authority to enforce New Jersey election statutes falls under the purview of the responsibilities of the New Jersey Secretary of State. N.J.S.A. 19:31-6a and N.J.S.A. 52:16A-98. As such, Secretary of State Tahesha Way is the only properly named defendant as she has direct control over the enforcement of the statutes at issue and has the capacity to provide the relief Plaintiffs seek. In contrast, Christopher J. Durkin's is an improperly named defendant as his position as Essex County Clerk neither requires him to evaluate the merit of the Slogan Statutes, N.J.S.A. 19:23-14 nor provides him with authority to enforce such statutes.

As also observed by the Union County Clerk, the Federal Rules of Civil

Procedure require that plaintiffs questioning the constitutionality of a state statute serve the Attorney General. Fed.R.Civ,P. 5.1. while New Jersey Court Rule 4:28-4 provides that when the constitutionality of a State statute is being challenged, the New Jersey Office of the Attorney General is to be put on notice. Considering that only the Secretary of State's office contacted Plaintiffs with respect to this matter, that the Attorney General's office must be notified when the constitutionality of a state statute is questioned, and that a county clerk has no election-related duty with respect to the slogan statutes, it is clear that evaluating the constitutionality of such statutes falls under the purview of the State.

Significantly, it is further submitted that Plaintiffs' Complaint has been rendered moot by the certification of the results of the July 2020 primary election, and as such, there remains no case or controversy to be reviewed or adjudicated by this Court such that this case should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) as this Court lacks subject matter jurisdiction.

For the foregoing reasons, as well as those set forth in the brief in support of Union County Clerk Joanne Rajoppi, it is respectfully requested that the Court grant the present motion and dismiss the Complaint with prejudice against Christopher J. Durkin, Essex County Clerk.

Thank you.

Respectfully submitted,

Thomas M Bachman,
Assistant County Counsel

cc: Hon. Susan D. Wigenton, U.S.D.J.
    All counsel of record *via Pacer*